**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B. NEGRETE, et al.,<br><br>　　　　　Defendants. | Case No.  1:20-cv-01493-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF No. 2.)<br><br>ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION |

　　　　Plaintiff Michael Gonzales is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on October 21, 2020.  (ECF No. 1)

　　　　Currently before the Court is Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, filed on October 23, 2020.  (ECF No. 2.)

**I.　　LEGAL STANDARD**

　　　　The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals."  Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011).  28 U.S.C. § 1915(g) provides that "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Therefore, if a prisoner has incurred three or more "strikes" (*i.e.*, three or more cases that were dismissed on the grounds that the cases were frivolous, malicious, or failed to state a claim upon which relief may be granted) before filing a new civil action, the prisoner is precluded from proceeding *in forma pauperis* in the new civil action unless the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

## II.     DISCUSSION

Initially, the Court finds that Plaintiff has incurred three or more "strikes" under § 1915(g) prior to filing the instant civil action. The Court take judicial notice of the following cases[1]: (1) Gonzales v. Galaza, et al., Case No. 1:00-cv-06028-AWI-HGB (PC) (E.D. Cal. Jun. 15, 2001) (action dismissed for failure to state a claim upon which relief may be granted); (2) Gonzales v. Gadsden, et al., Case No. 1:04-cv-05491-OWW-LJO (PC) (E.D. Cal. Dec. 11, 2006) (action dismissed for failure to state a claim upon which relief may be granted); (3) Gonzales v. Yamat, et al., Case No. 1:05-cv-00550-AWI-DLB (PC) (E.D. Cal. Aug. 15, 2008) (action dismissed for failure to state a claim upon which relief may be granted and failure to obey a court order); (4) Gonzales v. Vikjord, et al., Case No. 1:06-cv-01568-OWW-WMW (PC) (E.D. Cal. Jul. 8, 2008) (action dismissed for failure to state a claim upon which relief may be granted); (5) Gonzales v. Fresura, et al., Case No. 1:07-cv-00565-OWW-GSA (PC) (E.D. Cal. Apr. 24, 2009) (action dismissed for failure to state a claim upon which relief may be granted); and (6) Gonzales v. Price, et al., Case No. 1:07-cv-01391-AWI-GBC (PC) (E.D. Cal. Mar. 12, 2012) (action dismissed as frivolous).

Therefore, Plaintiff's motion to proceed *in forma pauperis* must be denied unless his complaint makes a plausible allegation that he faced "imminent danger of serious physical injury"

---

[1] The Court takes judicial notice of these cases pursuant to Federal Rule of Evidence 201(b)(2). See United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005); U.S. el rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

at the time he filed his complaint on April 9, 2019.  Andrews, 493 F.3d at 1053-56.  Here, Plaintiff alleges in his complaint that various correctional officers were illegally adding antipsychotic medications to his meals up to the day that he filed his complaint, which poses a threat to his safety because, due to the fact that he suffers from tardive dyskinesia, the antipsychotic medications can cause him to suffer convulsions, eye twitching, loss of memory, dry mouth, chest pains, heart attacks, or permanent paralysis. Assuming these allegations are true, which the Court will at this stage solely for the purpose of evaluating Plaintiff's request to proceed *in forma pauperis*, the Court finds that these allegations are sufficient to establish that Plaintiff faced "imminent danger of serious physical injury" at the time he filed his complaint.

Therefore, since Plaintiff has made the showing required by § 1915, Plaintiff's application to proceed *in forma pauperis* will be granted.

Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account.  The California Department of Corrections and Rehabilitation is required to send to the Clerk of the Court payments from Plaintiff's trust account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is GRANTED;

2. **The Director of the California Department of Corrections and Rehabilitation or his/her designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court.  The payments shall be clearly identified by the name and number assigned to this action;**

3. The Clerk of the Court is directed to serve a copy of this order and a copy of

Plaintiff's *in forma pauperis* application on the Director of the California Department of Corrections and Rehabilitation, via the Court's electronic case filing system (CM/ECF); and

4. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California.

IT IS SO ORDERED.

Dated:  **October 27, 2020**                              /s/ Erica P. Grosjean
                                                                                UNITED STATES MAGISTRATE JUDGE

4