UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B. NEGRETE, et al.,<br><br>　　　　　Defendants. | No.  1:20-cv-01493-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND AS FRIVOLOUS<br><br> (ECF NO. 1)<br><br>TWENTY-ONE DEADLINE<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Plaintiff Michael Gonzales ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed the Complaint commencing this action on October 21, 2020. (ECF No. 1). The Complaint claims that he is being involuntarily medicated through his food by multiple defendants. The complaint is the same in substance to many other complaints Plaintiff has made over the years against dozens of officers at difference facilities, all of which have been dismissed at various stages in the proceedings. The Court finds that the Complaint is frivolous and recommends dismissing the complaint without leave to amend.

**I.     SCREENING REQUIREMENT**

As Plaintiff is proceeding *in forma pauperis*, the Court may screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid,

the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Congress enacted the Prison Litigation Reform Act of 1995 (PLRA) in 1996 in the wake of a sharp rise in prisoner litigation in the federal courts." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citation omitted). "[T]he PLRA . . . was intended to deal with what was perceived as a disruptive tide of frivolous prisoner litigation," *id.* at 97, and requires courts to screen lawsuits filed by prisoners "before docketing, if feasible," 28 U.S.C. § 1915A(a), and dismiss them if frivolous, *id.* § 1915A(b)(1).

A complaint will be considered frivolous, and therefore subject to dismissal under § 1915(e)(2)(B) or 1915A(b)(1), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992). A federal court cannot properly *sua sponte* dismiss an action commenced *in forma pauperis* if the facts alleged in the complaint are merely "unlikely." *Denton,* 504 U.S. at 33. Thus, a complaint may be properly dismissed *sua sponte* if the allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* at 32–33. If a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith,* 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff's complaint alleges as follows:

Defendants "have disgraced [Plaintiff] and ridiculed him in an attempt to force submission to their demands." They do this "in retaliation for the exercise of [Plaintiff's] civil rights and to force him to relin[q]uish his properties"—namely, his artwork. They have also done so "because of [Plaintiff's] negative history with officers while he was in the security housing units."

Plaintiff then proceeds to list a number of dates that he alleges various officers served Plaintiff with medicated meals. (*See, e.g.,* ECF No. 1 at 10 ("Officer B. Negrete medicated and served the meal while verbally saying she did while intimidating me on 6-1-20/7-6-20/7-29-20 . . . .")). Elsewhere, Plaintiff alleges that it is "inmate porters who handle the distribution of meals that are highly medicated[.]"

Plaintiff alleges that Defendant Nuckles strip searched Plaintiff and left him naked in a holding cell for snitching on Defendant Nuckles's staff. He told Plaintiff "no body is medicating your meals." He also stated he will not permit Plaintiff to file any more 602 appeals about medicated meals.

Defendant Officer D. Rubio medicated Plaintiff's meals on various days in September 2020. "He also said he was going to give me a little bit of every[]body['s] medication until I give them and his porters free drawings." Inmates have stopped any art purchases. "It[']s not even allowed but the staff does know about this and has obviously ordered them not to buy any art. They have also stolen it from inmates who have tried to send their purchases out. . . . I sell the art for food."

"All officers listed above et al have been medicating my meals since circa 3-1-18 and these actions continue to this day."

Plaintiff has tardive dyskinesia, which can lead to heart attack.

///

### III.     PREVIOUS LAWSUITS

Plaintiff has a lengthy litigation history.[1] The Court was able to locate 27 other cases Plaintiff filed in this district,[2] twelve in the Northern District of California,[3] and thirteen in the Ninth Circuit filed by Plaintiff.[4] Plaintiff has been declared a vexatious litigant in state courts.[5]

Many of Plaintiff's past lawsuits allege, as does the present lawsuit, that prisoner officers are putting medication in his food:

- *Gonzales v. Cambra*, 3:97-cv-00761-SI (PR), N.D. Cal.: Most of the records in this case have not been digitized, so it is difficult to know the exact nature of this lawsuit. However, the Court was able to locate the order dismissing this case. The court noted that Plaintiff "alleges

---

[1] The Court takes judicial notice of the court records in this order. Fed. R. Evid. 201(b); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980) (recognizing that under Federal Rule of Evidence 201, "a court may take judicial notice of its own records in other cases"); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[2] The following appears to be the complete list of other prisoner civil rights cases brought by Plaintiff in this district: *Gonzales v. Galaza*, 1:00-cv-06028-AWI-HGB (PC); *Gonzales v. Galaza*, 1:00-cv-06959-OWW-SMS (PC); *Gonzales v. Calderon*, 1:01-cv-05916-OWW-LJO (PC); *Gonzales v. Tomlin*, 1:03-cv-05277-AWI-TAG (PC); *Gonzales v. Recek*, 1:03-cv-05278-OWW-SMS (PC); *Gonzales v. Recek*, 1:03-cv-05279-OWW-DLB (PC); *Gonzales v. Tomlin*, 1:03-cv-05363-LJO-DLB (PC); *Gonzales v. Lampien*, 1:03-cv-06165-OWW-SMS (PC); *Gonzales v. Urena*, 1:03-cv-06725-LJO-LJO (PC); *Gonzales v. Gadsden*, 1:04-cv-05491-OWW-LJO (PC); *Gonzales v. Yamat*, 1:05-cv-00550-AWI-DLB (PC); *Gonzales v. Frescure*, 1:06-cv-01357-OWW-WMW (PC); *Gonzales v. Vikjord*, 1:06-cv-01568-OWW-WMW (PC); *Gonzales v. Rodriguez*, 1:06-cv-01792-OWW-SMS (PC); *Gonzales v. Hamilton*, 1:06-cv-01809-LJO-GSA (PC); *Gonzales v. Fresura*, 1:07-cv-00565-OWW-GSA (PC); *Gonzales v. Vikjord*, 1:07-cv-00675-OWW-DLB (PC); *Gonzales v. Price*, 1:07-cv-01391-AWI-GBC (PC); *Gonzales v. Vikjord*, 1:08-cv-01847-AWI-GSA (PC); *Gonzales v. Perez*, 1:09-cv-00373-OWW-GSA (PC); *Gonzales v. Castro*, 1:09-cv-01545-AWI-MJS (PC); *Gonzales vs. Cortez*, 1:10-cv-01314-LJO-SMS (PC); *Gonzales v. Saunders*, 1:10-cv-02154-AWI-MJS (PC); *Gonzales v. Cortez*, 1:11-cv-00618-LJO-DLB (PC); *Gonzales v. Podsakoff.*, 1:15-cv-00924-DAD-SKO (PC); *Gonzales v. Ferrso*, 1:16-cv-01813-DAD-EPG (PC); *Gonzales v. Gonzales*, 1:19-cv-00459-NONE-SAB (PC).

[3] The following appears to be the complete list of cases Plaintiff filed in the Northern District of California: *Gonzales v. Cambra*, 3:89-cv-01439-CAL; *Gonzales v. Cambra*, 3:97-cv-761-SI (PR) *Gonzales v. Cambra*, 3:96-cv-01872; *Gonzales v. Cambra*, 3:96-cv-02044; *Gonzales v. Cambra*, 3:96-cv-02164; *Gonzales v. Cambra*, 3:96-cv-02532; *Gonzales v. Winslow*, 3:96-cv-02654; *Gonzales v. Cambra*, 3:96-cv-03343; *Gonzales v. Rupert*, 3:94-cv-03944; *Gonzales v. Gomez*, 3:95-cv-01368; *Gonzales v. Cambra*, 3:96-cv-02798; *Gonzales v. Risenhoover*, 4:94-cv-00492; *Gonzales v. Williams*, 3:94-cv-00953. These lawsuits have not been fully digitized so it is difficult to determine the nature of the allegations for the most part. Most show the plaintiff had Plaintiff's CDCR identification number, D-81011, and that the Michael Gonzales was at Pelican Bay State Prison. The ones that did not indicate an identification number were filed against defendants Plaintiff had sued in other cases or filed by a Michael Gonzales also at Pelican Bay State Prison. Therefore, it is likely that all of these cases were filed by Plaintiff.

[4] The following appears to be the complete list of cases Plaintiff has appealed to the Ninth Circuit: *Gonzales v. Tomlin*, 08-16755; *Gonzales v. Tomlin*, 08-17084; *Gonzales v. B. Vikjord*, 10-15461; *Gonzales v. B. Buenafe*, 14-15127; *Gonzales v. Cambra*, 96-16322; *Gonzales v. Cambra*, 96-16616; *Gonzales v. Cambra*, 97-15619; *Gonzales v. Galaza*, 01-16306; *Gonzales v. Calderon*, 02-15546; *Gonzales v. Podsakoff*, 19-16898; *Gonzales v. Rowland*, 92-16238; *Gonzales v. Rowland*, 92-16682; *Gonzales v. Gomez*, 93-15508.

[5] *Gonzales v. Podsakoff*, No. 1:15-CV-00924-DAD-SKO (PC), 2018 WL 1316890, at *3 (E.D. Cal. Mar. 14, 2018), *report and recommendation adopted*, 2018 WL 2939087 (E.D. Cal. June 12, 2018) (taking judicial notice of California courts finding Plaintiff to be a vexatious litigant).

4

that his food has been tainted," among other things. 1997 WL 168544, at *1. The Court dismissed the case under 28 U.S.C. § 1915 as "abusive" and "duplicative" because "[t]hese allegations are not new; they duplicate the allegations made by Gonzales in *Gonzales v. Cambra*, No. C 96–2654 SI and *Gonzales v. Cambra*, No. C 96–3343 SI." *Id.* Thus, it appears that Plaintiff has been complaining about adulterated food since at least 1996. The docket for 3:96-cv-2654 indicates Plaintiff's claims were dismissed. The docket for 3:96-cv-3343 indicates that Plaintiff lost at summary judgment.

- *Gonzales v. Galaz*, 1:00-cv-06028-AWI-HGB (P), E.D. Cal.: Plaintiff sued 63 individuals at California State Prison-Corcoran. He alleged that "in every meal he has consumed since 1998, various defendants have conspired to place poison into plaintiff's meals." ECF No. 26 at 2. The court found Plaintiff's allegations were "so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief," and recommended dismissing Plaintiff's complaint. *Id.* at 5-6. *See also* ECF No. 30 (adopting findings and recommendations and dismissing complaint for failure to state a claim).

- *Gonzales v. Tomlin*, 1:03-cv-05363-LJO-DLB: Plaintiff alleged that 33 correctional officers medicated his meals. The court found Plaintiff failed to state a claim with respect to medicated meals due to insufficient detail. ECF No. 31 at 2-3. Plaintiff proceeded to trial on excessive force claims, and the jury found for the defendants. *See* ECF Nos. 164 (special verdict); 167 (judgment).

- *Gonzales v. Fresura*, 1:07-cv-00565-OWW-GSA (PC), E.D. Cal.: Plaintiff alleged various officers were medicating his food, but the court found Plaintiff failed to state a claim. *See* ECF No. 10 ("Plaintiff's mere allegation that the C/O's joke about serving him medicated meals, and that the meals cause a number of symptoms is insufficient to state a cognizable claim. Plaintiff does not state whether he has any condition that requires medication, whether he has consented to the medicating of his meals, and what, if any procedural due process he has been provided regarding meal medication."). When Plaintiff did not file an amended complaint, the court dismissed for failure to state a claim and failure to prosecute. *See* ECF Nos. 13, 14.

- *Gonzales v. Price*, 1:07-cv-01391-AWI-GBC (PC), E.D. Cal.: among other allegations, Plaintiff alleged he was being involuntarily medicated. The action was dismissed as barred by res judicata with respect to *Gonzales v. Fresura*, 1:07-cv-00565, and for violating Rule 11 by failing to list all other claims Plaintiff had pursued. *See* ECF Nos. 82 (findings and recommendations), 83 (adopting findings and recommendations).

- *Gonzales v. Vikjord*, 1:08-cv-01847-AWI-GSA: Plaintiff alleged he was being involuntarily medicated by at least four officers. ECF No. 15 at 4. The Court found Plaintiff had three strikes under 28 U.S.C. § 1915(g) and that he was not in imminent danger of serious physical injury. ECF No. 16. Consequently, the Court revoked his in forma pauperis status. *Id*. The Court dismissed his complaint after Plaintiff failed to pay the filing fee. ECF No. 17.

- *Gonzales v. Cortez*, 1:10-cv-00393-LJO-MJS (PC), E.D. Cal.: Plaintiff alleged defendants were medicating him through his food. Plaintiff's action proceeded against defendant Castro not for medicating him but for excessive force. *See* ECF No. 16. The action was voluntarily dismissed pursuant to a stipulation. *See* ECF No. 66.

- *Gonzales v. Saunders*, 1:10-cv-02154-AWI-MJS (PC), E.D. Cal.: In his first complaint, Plaintiff alleged he was being forcibly medicated, among other claims. The court found that Plaintiff failed to state a claim concerning forcible medications and found amendment would be futile. *See* ECF No. 10 at 12-13 ("The Court simply cannot find that Plaintiff's claims state a plausible claim for relief. Common sense and judicial experience leads this Court to conclude that these claims as presented are facially implausible."). In his amended complaint, Plaintiff alleged that various defendants medicated his meals as retaliation against him for filing a grievance. *See* ECF No. 20 at 8-9. The court dismissed Plaintiff's complaint for failure to state a claim. *See* ECF No. 25.

- *Gonzales v. Podsakoff*, 1:15-cv-00924-DAD-SKO (PC), E.D. Cal.: Plaintiff alleged ten employees at his prison tainted his meals with antipsychotic medications. ECF No. 27 at 2. Summary judgment was granted to defendants on September 6, 2019. In granting summary judgment, the court noted:

> The undisputed facts before the court on summary judgment show that (1) the medications allegedly used to adulterate plaintiff's food do not exist or are not available in the form he alleges, (2) the burning sensation plaintiff feels in his throat can be attributed to his long-established history of gastroesophageal reflux disease, (3) the correctional staff do not dispense medicine and the prison medical staff does not prepare food, respectively, and (4) many of the named defendants were not working on the days plaintiff alleges he was involuntarily medicated. The pending findings and recommendations conclude that there was no evidence on summary judgment showing that "any of the Defendants surreptitiously placed antipsychotic medications in [plaintiff's] food in violation of the Eighth Amendment or without a Keyhea order in violation of the Fourteenth Amendment" and, thus, defendants were "entitled to summary judgment." (Doc. No. 111). The undersigned agrees with that conclusion based upon the evidence presented on summary judgment. See Fed. R. Civ. P. 56(a) (summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

ECF No. 120 at 3.

- *Gonzales v. Garcia*, 1:16-cv-01813-DAD-EPG (PC), E.D. Cal.: Plaintiff alleged eight defendants placed antipsychotics in his meals and a ninth ordered them to do so. ECF No. 14 at 2-3. Summary judgment to defendants was granted on January 31, 2020. *See* ECF No. 65.
- *Gonzales v. Godinez*, 1:19-cv-0459-NONE-SAB (PC), E.D. Cal.: In this open case, Plaintiff alleges eleven individuals have put antipsychotics in Plaintiff's meals. ECF No. 8 at 3. Defendant Perez is also a defendant in this case. Many of Plaintiff's claims were dismissed as unexhausted. *See* ECF Nos. 50, 51.

In addition, the Court also notes that Plaintiff was sentenced to prison for spitting on guards because he "believ[ed] that the prison guards were surreptitiously putting antipsychotic drugs in his food, and that spitting on a guard would allow him to escape this treatment by causing him to be moved to the prison hospital or possibly to another facility." *People v. Gonzales*, No. F042129, 2004 WL 1950455, at *2 (Cal. Ct. App. Sept. 3, 2004) (unpublished).[6]

///

///

---

[6] In light of this litigious history, when granting leave to proceed *in forma pauperis*, the Court found that Plaintiff had at least six strikes but that he met the exception to the Prison Litigation Reform Act's three-strikes rule by alleging imminent danger of serious physical injury. (ECF No. 3 at 2-3).

## IV. FRIVOLITY

The Court recommends dismissing Plaintiff's complaint as frivolous because the allegations are wholly incredible and delusional rather than merely unlikely. It alleges that Plaintiff is being involuntarily medicated with food by various officers at Plaintiff's prison. He alleges his food is being medicated in retaliation for not giving Defendants and their inmate porters free drawings. And despite that professed motive, Plaintiff also alleges Defendants steal his artwork from other inmates.

There are several rational problems with such allegations. None of the Defendants are medical providers. There are no facts that would explain how Defendants have access to medication and able to put that medication in Plaintiff's food. Indeed, Plaintiff alleges that at least one Defendant told him that he was going to put a little bit of everybody's medication in Plaintiff's food. It is implausible that any officer has access to everybody's medication.

Nor does Plaintiff allege that any Defendant is involved in food preparation. There is no plausible explanation for how any Defendant could put medication in Plaintiff's food, even if they had access to such medication.

Plaintiff does not allege that he has ever found medication in his food. Plaintiff does not allege that he has ever seen changes in the food demonstrating medication.

Plaintiff's complaint also contains inconsistent allegations. On the one hand, Plaintiff claims that inmate porters deliver meals. But he also states that Defendants serve his meals. These are inconsistent allegations that further demonstrate the implausibility of Plaintiff's claims.

Plaintiff claims that the antipsychotics cause tardive dyskinesia, which can cause heart attacks. This is a conclusory allegation with no factual basis. Plaintiff does not allege what medications are being put in his food.

The allegations in Plaintiff's complaint that multiple officers separately put medication in Plaintiff's food are thus delusional, implausible, and frivolous on their face and subject to dismissal.

In addition, Plaintiff's litigation history further supports that Plaintiff's allegations are delusional. Before this case, Plaintiff has alleged *at least* 129 officers have tainted his meals.

8

Plaintiff makes allegations against seven others here. Plaintiff has made these allegations against officers from at least three California prisons: Pelican Bay State Prison, *see Gonzales v. Cambra*, No. 3:97-cv-761, 1997 WL 168544, at *1 (N.D. Cal.), Kern Valley State Prison, *see Gonzales v. Saunders*, No. 1:10-cv-2154 (E.D. Cal.), and Corcoran State Prison, *see Gonzales v. Podsakoff*, 1:15-cv-00924 (E.D. Cal.). These complaints go back to at least 1996. *See Gonzales v. Cambra*, 1997 WL 168544.[7]

The Court therefore recommending finding that Plaintiff's complaint is frivolous and subject to dismissal with prejudice. *See Waldrop v. Dep't of Corr.*, No. 2:06-cv-1260-DFL-EFB, 2006 WL 2926754, at *1–2 (E.D. Cal. Oct. 11, 2006) (dismissing as frivolous claims that prison placed radio transmitters in plaintiff's ears and used satellite transmissions to monitor him as an experiment for a web site because they "describ[ed] fantastic or delusional scenarios."); *Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 294 (11th Cir. 2007) (unpublished) (affirming dismissal as frivolous of "complaint [that] presents a far-fetched scenario based on assertions of a massive conspiracy to monitor Williams [as] clearly baseless"); *Monaghan v. Trebex*, 35 F. App'x 651 (9th Cir. 2002) (unpublished) (affirming dismissal as frivolous where plaintiff alleged that he was "the object of a nationwide conspiracy"). "No matter how sincerely believed by Plaintiff, these allegations are simply too fantastic to warrant the expenditure of further judicial and private resources." *Athans v. Starbucks Coffee Co.*, No. CV-06-1841-PHX-DGC, 2007 WL 1673883, at *2 (D. Ariz. June 11, 2007).

Because a frivolous complaint cannot be cured, the Court recommends denying leave to amend. *See Lopez*, 203 F.3d at 1127 n. 8.

**V.      RECOMMENDATION AND ORDER**

The Court has screened Plaintiff's first amended complaint and finds that it is frivolous.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed with prejudice without leave to amend; and
2. The Clerk of Court be directed to close this case.

///

---

[7] None of those claims have been resolved favorably to him.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

In addition, the Clerk of Court is respectfully directed to appoint a district judge to this case.

IT IS SO ORDERED.

Dated:   **November 6, 2020**         /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE